IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DNP INTERNATIONAL CO, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATURAL ALTERNATIVES ) <br> INTERNATIONAL, INC. and COMPOUND ) <br> SOLUTIONS, INC., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 11-1283-GMS |

## ORDER

WHEREAS presently before the court is the defendants' Motion to Dismiss (D.I. 13); and

WHEREAS the court has considered the parties' submissions as well as the applicable law;

IT IS HEREBY ORDERED THAT:

The defendants' Motion to Dismiss (D.I. 13) is DENIED.[1]

---

[1] The plaintiff, DNP International Co., Inc. ("DNP"), filed its First Amended Complaint on January 27, 2012, seeking a declaratory judgment of noninfringement and invalidity of four U.S. Patents. (D.I. 11.) Three of the patents-in-suit, U.S. Patent Nos. 5,965,596 (the "'596" Patent"), 6,172,098 (the "'098 Patent"), and 6,426,361 (the "'361" Patent) (collectively, the "Older Patents"), were at issue in an earlier infringement action before the court (the "2009 Action"). *Natural Alternatives Int'l, Inc., et al. v. Vital Pharm. Inc., et al.*, No. 09-626-GMS. The fourth patent, U.S. Patent No. 8,067,381 (the "'381 Patent"), was issued on November 29, 2011. (D.I. 14 at 1.) Natural Alternatives International, Inc. ("NAI") is the owner of the four patents-in-suit and Compound Solutions, Inc. ("CSI") is a licensee. (*Id.* at 2–3.) NAI and CSI (together, "the defendants") moved for dismissal of the counts relating to the Older Patents for lack of subject matter jurisdiction, arguing that no justiciable case or controversy presently exists. (*Id.* at 1.) CSI also sought to be dismissed from the case entirely, claiming that is not the owner of the patents-in-suit and is a mere non-exclusive licensee. (*Id.*) After the completion of briefing on this motion, the parties stipulated to the dismissal of all claims against CSI, rendering that portion of the present motion moot. (D.I. 24.)

The court believes that an actual case or controversy remains between the parties with respect to the Older Patents such that Counts I-VI are properly raised. *See* 28 U.S.C. § 2201(a) ("In a case of actual controversy within

its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ."). While the law concerning subject matter jurisdiction over declaratory judgment actions has proven somewhat unclear even after the Supreme Court's decision in *MedImmune v. Genentech*, 549 U.S. 118 (2007), the court believes that several considerations are relevant here.

First, Federal Circuit precedent has established that ongoing disputes between the parties concerning related technology may suggest the existence of an actual controversy sufficient to support declaratory judgment jurisdiction. *See Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1344 (Fed. Cir. 2007); *Vanguard Research, Inc. v. PEAT, Inc.*, 304 F.3d 1249, 1255 (Fed. Cir. 2002). Here, the defendants do not debate that there exists a dispute regarding the '381 Patent and they have filed a counterclaim for infringement of that patent in this action. (D.I. 17 at ¶¶ 31–37.) DNP notes that "the '381 patent is directly related to the three earlier patents-in-suit, as a continuation application to a series of applications that eventually became the '596, '098 and '361 patents," and that "[t]he '381 patent shares the same inventors as the 3 Older Patents and is directed to the same 'invention.'" (D.I. 19 at 3.) The admittedly live controversy surrounding the '381 Patent makes it more likely that a similar controversy remains with respect to the Older Patents.

There also remains an ongoing case between the parties involving allegations of unfair competition and false advertising (the "Unfair Competition Action"). *Natural Alternatives Int'l, Inc., et al. v. DNP Int'l Co., Inc.*, No. 11-788-GMS. In that suit, NAI and CSI allege that DNP violated the Lanham Act and several state unfair competition and false advertising statutes by, *inter alia*, issuing a press release concerning the court's claim construction order in the 2009 Action. (D.I. 19 at 6.) While the Unfair Competition Action is primarily tort-based and thus provides less evidence of an ongoing patent dispute, it is certainly related to the earlier infringement contentions in the 2009 Action. Therefore, the court views it as indicative of the broader adversarial stance adopted by the parties.

The court also recognizes that "[p]rior litigious conduct is one circumstance to be considered in assessing whether the totality of circumstances creates an actual controversy." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1341 (Fed. Cir. 2008). While a history of patent enforcement is not dispositive, it can be relevant where the prior conduct makes reasonable an assumption that the defendant will take action with respect to the patent-in-suit. *See id.* The court believes such an assumption is realistic here, given that NAI has previously claimed infringement of the Older Patents by DNP in the 2009 Action. (D.I. 14 at 3.)

Furthermore, while NAI has indicated that it "has no intention of asserting the claims in [the three Older Patents] against DNP or its customers," such an assurance does not suffice to remove subject matter jurisdiction. (D.I. 15 at ¶ 12.) A covenant not to sue can certainly preclude a declaratory judgment action, but NAI's statement as to its present "intention" does not rise to the level of such a covenant. *See, e.g., Arris Grp., Inc. v. British Telecomms. PLC*, 639 F.3d 1368, 1381 (Fed. Cir. 2011) (finding declaratory judgment defendant's representations that it did not assert direct or contributory infringement insufficient to eliminate jurisdiction where the defendant would not promise to refrain from suing for indirect infringement); *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1997–98 (Fed. Cir. 2009) (noting that "[w]hether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant" and, in reversing dismissal of the defendant's counterclaims, observing that the plaintiff's "covenant did not extend to future sales of the same product as was previously sold"); *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1382–83 (Fed. Cir. 2007) (declining to find justiciable controversy eliminated by declaratory judgment defendant's "direct and unequivocal statement" that it "has absolutely no plan whatsoever to sue [the declaratory judgment plaintiff]"). On the contrary, NAI's silent refusal to provide more concrete assurance that it will not bring another infringement suit on the three Older Patents suggests that a controversy regarding those patents may remain. *See Prasco, LLC*, 537 F.3d at 1341 (observing that a patentee's refusal to sign a covenant not to sue, while not dispositive, is "relevant" and "one circumstance to consider in evaluating the totality of the circumstances"); *see also Arkema Inc. v. Honeywell Int'l, Inc.*, No. 2012-1308, 2013 WL 425576, at *5 (Fed. Cir. Feb. 5, 2013); *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1381 (Fed. Cir. 2012).

Given the above considerations, the court believes that its exercise of jurisdiction is consistent with the requirement emphasized in *MedImmune* that "the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a

Dated: February 27, 2013

_____
CHIEF, UNITED STATES DISTRICT JUDGE

---

decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *MedImmune*, 549 U.S. at 127 (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937)). "A party seeking to base jurisdiction on the Declaratory Judgment Act bears the burden of proving that the facts alleged, 'under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343 (Fed. Cir. 2007) (quoting *MedImmune*, 549 U.S. at 127). Having endeavored to examine "all the circumstances" here, the court finds that declaratory judgment jurisdiction over Counts I-VI remains proper and further believes that exercising its discretionary power to decline hearing these claims would be inappropriate in this case.

Finally, the court notes that the defendants argue for the first time in their reply brief that invalidity and unenforceability of the Older Patents are compulsory counterclaims that must be raised in the Unfair Competition Action. (D.I. 22 at 6.) While the court presently expresses no opinion regarding the merits of this position, if the defendants wish to pursue this line of reasoning, they are instructed to file an appropriate, independent motion.